United States District Court
Northern District of New York

_____

RODERICK D. WOODS,

          *Plaintiff*

    Civil Action No.
    13-cv-00327 DNH-RFT

v.

    AMENDED COMPLAINT

    (JURY TRIAL DEMANDED)

FRONTLINE ASSET STRATEGIES, LLC,
THE BUREAUS, INC.,
BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC,

          *Defendants.*
_____

## I. INTRODUCTION

1.    This is an action by an individual to secure declaratory and monetary relief, including attorney's fees, for the Defendants violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendants violations of the Telephone Consumer Protection Act ("TCPA") 47 U. S. C. §227, and the New York State General Business Law.

## II. JURISDICTION AND PROCEDURE

2.    This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d) and this Amended Complaint concerns the same nucleus of operative facts as the original Complaint. As such, these facts, and additional parties, relate back to the original Complaint, pursuant to Federal Rules of Civil Procedure Rule 15.

3.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

4.    Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

1

5.      Upon information and belief and at all times relevant hereto, the principal purpose of Defendant, Frontline Asset Strategies, LLC, (or "Frontline") is the collection of debts using the mails and telephone.

6.      In fact, Frontline regularly attempts to collect debts to be due to another, including consumer debts.

7.      Upon information and belief and at all times relevant hereto, one principal purpose of Defendant, The Bureaus, Inc., (or "The Bureaus") is the acquisition of defaulted consumer debt receivables.  Because the debts are acquired following a charge-off and/or default, The Bureaus is a debt collector and amenable to violations of the Fair Debt Collection Practices Act.  The Bureaus also engages in the collection of debts using the mails and telephone.

8.      In fact, The Bureaus regularly attempts to collect debts to be due to another, including consumer debts.

9.      Upon information and belief and at all times relevant hereto, Defendant, Bureaus Investment Group Portfolio No. 15, LLC, Inc., (or "Investment") is or was an entity established by The Bureaus, to act as a "creditor" in the acquisition and collection of defaulted consumer debt receivables.  Because the debts are acquired by Investment are debts following a charge-off and/or default, Investment is a debt collector and amenable to violations of the Fair Debt Collection Practices Act.

## IV. FACTS

10.     Beginning on or about February, 2012, Frontline, acting at the direction of The Bureaus and Investment initiated a campaign of harassment against Plaintiff.

11.     The Defendant's actions concerned an alleged consumer debt allegedly owed to "HSBC Card Services."

12.     Upon information and belief, said campaign of harassment included, *inter alia*, written correspondence and telephone calls.

13.     Frontline, acting at the direction of The Bureaus and Investment using an artificial or pre-recorded voice recording, on or about March 23, 2012 at 2:39 p.m., contacted the Plaintiff and left a voicemail on his cell phone. Frontline's actions in using an artificial or pre-recorded voice to contact Plaintiff via his cell phone and leaving a voicemail on March 23, 2012 violated the Telephone Consumer Protection Act.

14.     Frontline, acting at the direction of The Bureaus and Investment using an artificial or pre-recorded voice recording, on or about March 29, 2012 at 4:11 p.m., contacted the Plaintiff and left a voicemail on his cell phone. Frontline's actions in using an artificial or pre-recorded voice to contact Plaintiff via his cell phone and leaving a voicemail on March 29, 2012 violated the Telephone Consumer Protection Act.

15.     Frontline, acting at the direction of The Bureaus and Investment, using an artificial or pre-recorded voice recording, on or about March 31, 2012 at 10:21 a.m., contacted the Plaintiff and left a voicemail on his cell phone. Frontline's actions in using an artificial or pre-recorded voice to contact Plaintiff via his cell phone and leaving a voicemail on March 31, 2012 violated the Telephone Consumer Protection Act.

16.     Frontline, acting at the direction of The Bureaus and Investment, using an artificial or pre-recorded voice recording, on or about April 2, 2012 at 6:52 p.m., contacted the Plaintiff and left a voicemail on his cell phone. Frontline's actions in using an artificial or pre-recorded voice to contact Plaintiff via his cell phone and leaving a voicemail on April 2, 2012 violated the Telephone Consumer Protection Act.

17.     Contemporaneous with the above, The Bureaus began reporting derogatory information on the Plaintiff's credit reports. Specifically, it claimed that Plaintiff had opened an account with it in February, 2012 with terms of "1 month." The Plaintiff did not receive a dunning from Frontline letter until approximately a month-and-a-half _after_ The Bureaus began reporting derogatory information on Plaintiff's credit report.

18.     Notably, although the alleged account had been allegedly sold by HSBC Card Services, Inc., to The Bureaus, both HSBC and The Bureaus both still remain reporting an open balance on the same account on Plaintiff's credit report.

19.     Additionally, Defendants, The Bureaus and Investment, added interest amounts to the alleged charged-off debt, in contravention to federal law.

20.     Parenthetically, 15 U.S.C. §1692 e, in relevant part, makes it a violation of the FDCPA for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (See, 15 U.S.C. 1692 e).

21.     Further, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation.  (See, 15 U.S.C. 1692 e (10)).

22.     15 U.S.C. §1692 f (1) prohibits: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (See, 15 U.S.C. 1692 f (1).

23.     As a proximate consequence of Defendants egregious conduct, coupled with the acts described above, Plaintiff suffered and continues to suffer emotional distress and physical manifestations of emotional distress.  Moreover, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, and weight loss.

### V.  Claims For Relief

#### I.     The Bureaus and Investment's Violation of 15 U.S.C. §1692 e

24.     Paragraphs 1-23 are re-alleged, as if fully re-stated.

25.     At the same time, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (See, 15 U.S.C. 1692 e (2) (A), (10)).

26.     Defendant, The Bureaus, through the representation that the alleged debt had terms of "1 month" used a false representation to attempt to collect a debt.  Upon information and belief,

4

this reporting was done at the direction of or in the acquiescence of Defendant Investment, rendering it vicariously liable for Defendant, The Bureaus' actions.

27. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II.     The Bureaus and Investment's Violation of 15 U.S.C. §1692 f

28. Paragraphs 1-23 are re-alleged, as if fully re-stated.

29. At the same time, 15 U.S.C. §1692 f (1) prohibits: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  (See, 15 U.S.C. 1692 f (1).

30. Defendant, the Bureaus, upon information and belief, charged interest amounts to the alleged charged off debt despite the fact that the alleged agreement or law did not allow for such. Upon information and belief, this was done at the direction of or in the acquiescence of Defendant Investment, rendering it vicariously liable for Defendant, The Bureaus' actions.

31. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## III.    Defendants Violation of §349 of the New York General Business Law

32. Paragraphs 1-23 are re-alleged as if fully re-stated.

33. Defendant's actions were deceptive in failing to identify themselves as debt collectors, constituting deception in the conduct of any business, trade, or commerce.

34. As such, Plaintiff is entitled to damages pursuant to the New York General Business Law.

## IV.    Defendant's Violation of the Telephone Consumer Protection Act 47 U. S. C. §227 (b) (1)(A)(iii)

35. Paragraphs 1-23 are re-alleged as if fully re-stated.

36. Frontline, acting at the direction of The Bureaus and Investment using an artificial or pre-recorded voice recording, on or about March 23, 2012 at 2:39 p.m., contacted the Plaintiff and left a voicemail on his cell phone. Frontline's actions in using an artificial or pre-recorded voice to contact Plaintiff via his cell phone and leaving a voicemail on March 23, 2012 violated the Telephone Consumer Protection Act.

37. Frontline, acting at the direction of The Bureaus and Investment using an artificial or pre-recorded voice recording, on or about March 29, 2012 at 4:11 p.m., contacted the Plaintiff and left a voicemail on his cell phone. Frontline's actions in using an artificial or pre-recorded voice to contact Plaintiff via his cell phone and leaving a voicemail on March 29, 2012 violated the Telephone Consumer Protection Act.

38. Frontline, acting at the direction of The Bureaus and Investment, using an artificial or pre-recorded voice recording, on or about March 31, 2012 at 10:21 a.m., contacted the Plaintiff and left a voicemail on his cell phone. Frontline's actions in using an artificial or pre-recorded voice to contact Plaintiff via his cell phone and leaving a voicemail on March 31, 2012 violated the Telephone Consumer Protection Act.

39. Frontline, acting at the direction of The Bureaus and Investment, using an artificial or pre-recorded voice recording, on or about April 2, 2012 at 6:52 p.m., contacted the Plaintiff and left a voicemail on his cell phone. Frontline's actions in using an artificial or pre-recorded voice to contact Plaintiff via his cell phone and leaving a voicemail on April 2, 2012 violated the Telephone Consumer Protection Act.

40. As such, Plaintiff is entitled to damages pursuant to the Telephone Consumer Protection Act.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA and the TCPA.

2. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).

3. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A) and 47 U. S. C. § 227, and treble damages pursuant to 47 U. S. C. § 227.

4.   Actual damages pursuant to 15 U.S.C. §1692 k (a) (1) and 47 U. S. C. § 227.

5.   An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).

6.   An award of punitive damages.

7.   Damages pursuant to §349(a) of the NY Gen. Bus. Law.

Respectfully Submitted,

*Roderick D. Woods, Esq.*
_____
Attorney for Plaintiff

Roderick D. Woods, Esq.
100 Pearl Street
Fourteenth Floor
Hartford, Connecticut 06103
Northern District Bar Roll No. 515559
Tel.   (860) 249-7056
Fax.   (860) 249-7001
E-Mail. rwoods@rdw-law.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

*Roderick D. Woods, Esq.*
_____
Attorney for Plaintiff

Roderick D. Woods, Esq.
100 Pearl Street
Fourteenth Floor
Hartford, Connecticut 06103
Northern District Bar Roll No. 515559
Tel.   (860) 249-7056
Fax.   (860) 249-7001
E-Mail. rwoods@rdw-law.com